**CAI PING KE, Li Feng Wu, Petitioners,**

v.

**Michael B. MUKASEY, United States Attorney General,[1] Respondent.**

**No. 07–2268–ag.**

United States Court of Appeals, Second Circuit.

May 2, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

74

Richard Tarzia, Belle Mead, New Jersey, for Petitioners.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division, Mary Jane Candaux, Assistant Director, Aimee J. Frederickson, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. ROBERT D. SACK, Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Petitioners, Cai Ping Ke and Li Feng Wu, natives and citizens of China, seek review of a May 15, 2007 order of the BIA sustaining the government's appeal of the July 27, 2005 decision of Immigration Judge ("IJ") Margaret McManus granting Ke's application for asylum, which included Wu as a derivative applicant. *In re Cai Ping Ke, Li Feng Wu,* Nos. A 98 642 647/648 (B.I.A. May 15, 2007), *rev'g* Nos. A 98 642 647/648 (Immig. Ct. N.Y. City July 27, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Ke asserts that her due process rights were violated because the record before the BIA did not contain "the vast majority" of the background evidence she submitted before the IJ.[2] However, her

2. The government's assertion that Ke failed to exhaust her due process claim before the BIA

due process claim fails because she does not argue or demonstrate what the documents would have shown or how the BIA's decision would have been impacted by the purportedly missing documents. *See Li Hua Lin v. U.S. Dep't. of Justice*, 453 F.3d 99, 104–05 (2d Cir.2006); *cf. Augustin v. Sava*, 735 F.2d 32, 37 (2d Cir.1984). Indeed, she did not even submit the purportedly missing documents to this Court.

Additionally, Ke argues that the BIA applied the incorrect standard in its review of the IJ's decision. It is undisputed that the BIA no longer has authority to engage in factfinding (except for taking administrative notice of commonly known facts), or to review *de novo* an IJ's findings of fact. *See* 8 C.F.R. §§ 1003.1(d)(3)(i) & (iv), 1003.3(f); *Xian Tuan Ye v. DHS*, 446 F.3d 289, 296 (2d Cir.2006). Nonetheless, the BIA "may review questions of law, discretion, and all other issues in appeals from decisions of immigration judges de novo." 8 C.F.R. § 1003.1(d)(3)(ii).

The BIA did not state the standard of review that it applied in reaching its conclusion, contrary to that of the IJ, that Ke failed to establish a well-founded fear of persecution. However, there is no indication that it gave any deference to the IJ's findings where it did not identify any errors in those findings and conducted its own review of the evidence. *See* 8 C.F.R. § 1003.1(d)(3)(i) (stating that the BIA may only review the IJ's factual findings to determine whether they are "clearly erroneous"); *Fen Yong Chen v. BCIS*, 470 F.3d 509, 514 (2d Cir.2006). The BIA appears to have simply substituted its own judgment for that of the IJ based on its own evaluation of the evidence, which is

"classic de novo review." *Id.* Thus, the question before us is whether the BIA engaged in improper *de novo* review of the IJ's factual findings, 8 C.F.R. § 1003.1(d)(3)(i), or permissible *de novo* review of the legal question of Ke's eligibility for relief, 8 C.F.R. § 1003.1(d)(3)(ii).

 We conclude that the BIA's *de novo* review of the legal issue of whether Ke met her burden of proof in establishing a well-founded fear of persecution was appropriate. The BIA's determination that Ke failed to offer sufficient evidence to satisfy her burden of proof constitutes an appropriate exercise of its authority to review the IJ's conclusions of law de novo. *Cf. Lin Zhong v. United States Dep't of Justice*, 480 F.3d 104, 117 (2d Cir.2007) ("Questions of law, including what quantum of evidence will suffice to discharge an applicant's burden of proof, are reviewed *de novo.*").

Because Ke's only argument before this Court is that the BIA applied an improper standard of review, she has waived any challenge to the BIA's finding that she failed to establish a well-founded fear of persecution. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Because Ke also fails to challenge the denial of her application for withholding of removal and CAT relief before this Court, we deem any such claims waived. *See id.*

For the foregoing reasons, the petition for review is DENIED.

---

lacks merit. Ke bases her claim on the Certified Administrative Record produced by the agency only after she filed her petition for review in this Court. Although the government cites evidence indicating that Ke might have been provided with a copy of the tran-

script before the BIA issued its decision, it has not pointed to any evidence indicating that she could have known that the background materials were missing until she received the Certified Administrative Record.